## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

ADAM W. JENSEN             *
193 Brunswick Avenue, #2     *
Gardiner, ME  04345         *
                               *
       Plaintiff,            *     Case No. _____
                               *
       v.                    *
                               *
CENTRAL MAINE & QUEBEC     *
      RAILWAY US INC.        *
1586 Main Road            *
Brownville, ME 04414        *
                               *
                               *
                               *
       Defendant.          *
                               *

************************************************************

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, Adam W. Jensen, by and through undersigned counsel, sues Defendant, Central Maine & Quebec Railway US Inc., for violations of the Federal Employers' Liability Act, 45 U.S.C. §51-60 (the "FELA") and the Federal Rail Safety Act, 49 U.S.C. §20109 (the "FRSA"), and for reasons and causes of action states as follows:

1.       The Plaintiff, Adam W. Jensen ("Plaintiff"), is an adult individual who resides at 193 Brunswick Avenue, #2, Gardiner, ME 04345.

2.       The Defendant, Central Maine & Quebec Railway US Inc. ("Defendant"), is a railroad corporation, organized and existing under and by virtue of the laws of the State of Maine, and is doing substantial business within the jurisdiction of this Court as an interstate common carrier of freight for hire into and from various states of the Union.

25513510.2

3.      The Plaintiff's causes of action arise under the appropriate provisions of the FELA, 45 U.S.C. §51 et seq. and the FRSA, 49 U.S.C. §20109.

4.      This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 and the FELA and FRSA.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in this venue, and 28 U.S.C. §1391(b)(2) inasmuch as the Defendant was at all times relevant to the events described in this Complaint doing substantial business within the jurisdiction of this Court, engaging in the carrying of freight for hire between and through Maine and the several States of the United States.

6.      At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment, and premises involved were under the control of the Defendant.

7.      With regard to the Count arising under the FRSA, the Plaintiff filed an original Complaint with the Occupational Safety and Health Administration ("OSHA") on or about April 30, 2024.

8.      The Plaintiff cooperated fully with OSHA and acted in good faith and more than 210 days have elapsed since the filing of the original Complaint with OSHA.

9.      The Plaintiff is permitted to file his FRSA claim de novo in federal court pursuant to 49 U.S.C. §20109 (d)(3) De novo review, which provides:  "With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court

2

of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury."

## COUNT I

**ADAM W. JENSEN VS. CENTRAL MAINE & QUEBEC RAILWAY US INC.**
**Incident of April 15, 2023**
**FELA - Negligence**

10.     The allegations set forth above are hereby incorporated herein by reference as though fully set forth at length.

11.     On or about the 15th day of April 2023, the Plaintiff, Adam W. Jensen, while in the employ of the Defendant, Central Maine & Quebec Railway US Inc., as a freight conductor, sustained severe injuries when the train he was occupying derailed in Central Maine near the village of Rockwood.  The derailment was caused by a washout condition of the track and resulted in a fire in the locomotive in which the Plaintiff was located. The Defendant knew or should have known of the danger presented because the Plaintiff and his crew had informed the Defendant of the developing condition in advance of the derailment. As a result of the derailment and subsequent fire, the Plaintiff suffered injuries to his lower back, left leg and left hand.  He also experienced significant and permanent psychological trauma (post-traumatic stress disorder).

12.     The Defendant owed to the Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

13.     The aforesaid injury was caused by the negligence of the Defendant, its agents, and employees in that:

3

25513510.2

a. It failed to use reasonable care to furnish the Plaintiff with a reasonably safe place in which to work;

b. It failed to properly inspect and maintain the track area where the locomotive was required to travel;

c. It failed to warn the Plaintiff of the danger presented due to the improperly maintained and dangerous track area where the locomotive was required to travel;

d. It failed to take appropriate action to repair the track area in question when it knew or should have known of the danger presented;

e. It violated regulations in place for the protection and safety of railroad employees; and

f. It was otherwise careless, reckless, and negligent.

14. As a result of the negligence of the Defendant as herein above set forth, the Plaintiff was seriously and permanently injured. The Plaintiff's injuries include injuries to his lower back, left leg, left hand, and more importantly he sustained post-traumatic stress disorder.

15. As a further result of the negligence and regulatory violations of the Defendant as herein above set forth, the Plaintiff has in the past, and will in the future, incur substantial medical and other expenses in an effort to cure and rehabilitate himself from these injuries.

16. As a further result of the negligence and regulatory violations of the Defendant as herein above set forth, the Plaintiff has in the past, and will in the future, suffer a severe loss of earnings and impairment of his earning capacity, much to his great detriment and loss.

17. As a further result of the negligence and regulatory violations of the Defendant as herein above set forth, the Plaintiff has in the past, and will in the future, suffer great physical

4

pain and suffering, mental anguish, a loss of the enjoyment of life, a diminishment of the quality of life and other losses due to his great mental, physical, financial and emotional harm.

WHEREFORE, the Plaintiff, Adam W. Jensen, demands judgment against the Defendant, Central Maine & Quebec Railway US Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

## COUNT II

**ADAM W. JENSEN VS. CENTRAL MAINE & QUEBEC RAILWAY US INC.**
**Violation of Federal Railway Safety Act, 49 U.S.C. §20109**

18.     The allegations set forth above are hereby incorporated herein by reference as though fully set forth at length.

19.     The Plaintiff engaged in an activity protected by the FRSA and was subsequently subjected to adverse and discriminatory action as a result of that protected activity.

20.     The Plaintiff's protected activity concerned his reporting of a work-related injury and following his physician's medical treatment plan regarding the same.

21.     At the time of the subject derailment and resulting injuries, the Plaintiff had recently began his employment with the Defendant and was progressing well with his training for the position of qualified conductor.

22.     As the result of the derailment and resulting fire of April 15, 2023, the Plaintiff sustained injuries to his lower back, left leg, and left hand, as well as post-traumatic stress disorder. Due to the fire, several of the Plaintiff's work-related documents were destroyed, including his on-the-job training logbook ("OJT logbook").

23.     Due to the physical nature of the Plaintiff's job, he was required to miss 22 days

5

from work.   He was then medically restricted to modified duty work until he was released to return to work full duty on September 15, 2023.  During the period of his restricted duty, the Plaintiff was regularly harassed by his superiors and required to perform work outside the scope of his restrictions and the Defendant's rules.  These work restrictions, mandated as part of the Plaintiff's physician's treatment plan, impacted the Plaintiff's timely completion of his conductor training.

24.     The Plaintiff advised Trainmaster, Terry Skjeie, on November 4, 2023, that his OJT logbook had been destroyed by the fire in the derailment on April 15, 2023, along with a number of his other items, and the Trainmaster asked the Plaintiff why he was not immediately notified of the destruction of the OJT logbook and immediately asked for a replacement book. The following day, November 5, 2023, the Trainmaster told the Plaintiff that the OJT logbook situation was "bad."  The Trainmaster told the Plaintiff that he would contact him the next morning, November 6, 2023, to arrange a time to meet with him at Northern Maine Junction to get a replacement OJT logbook. The Plaintiff did not hear back from the Trainmaster the next day, and several attempts were made by the Plaintiff within the next few days to contact the Trainmaster about the OJT logbook. The Trainmaster finally responded to the Plaintiff on November 8, 2023, that he did not know what was going on with the OJT logbook situation and he would contact him the next day, since he was waiting to hear from upper management concerning the OJT logbook.

25.     The Plaintiff kept his Union Local Chairman updated on these developments beginning on November 6, 2023.

26.     On November 22, 2023, the Plaintiff reported to Brownville Junction, as

25513510.2

instructed by the Trainmaster, and at that time, the Trainmaster informed the Plaintiff that his employment was being terminated per Article 4 of the Defendant's contract.

27.    From the date of the injury on April 15, 2023, due to the Plaintiff's inability to work and complete the conductor training in the normal time, he felt pressure from his supervisors.  In fact, the Trainmaster would routinely require the Plaintiff to work on the ground with yellow vest conductors with less than a year of experience, which is in direct violation of railroad policy.  In addition, the Trainmaster and others consistently demonstrated a hostile attitude toward the Plaintiff after his injury.

28.    The justification used by the Defendant to terminate the Plaintiff was clearly a pretext.  The fact that Plaintiff's work documents, including the OJT logbook, were destroyed in the derailment and resulting fire was well known, or should have been known, to his supervisors. In addition, the information in the OJT logbook could have been easily and effectively reconstituted, with no adverse impact on the Defendant.  It is evident that the Defendant was looking for a reason to terminate the Plaintiff in retaliation for the delay caused in his training because he followed the treatment plan of his physician with regard to his ability to work and the fact that he had reported an injury.

29.    The Defendant had knowledge of all the protected activities referenced herein.

30.    The Defendant acted with reckless and callous disregard for the law and the Plaintiff's rights under the FRSA.

31.    The Plaintiff has suffered significant emotional and mental anguish and loss of income as a result of  the Defendant's blatant disregard of his rights under the Federal Rail Safety Act.

7

25513510.2

WHEREFORE, the Plaintiff, Adam W. Jensen, demands judgment against the Defendant, Central Maine & Quebec Railway US Inc. granting the following relief:

    a.    Reinstatement and expungement of all references to disciplinary action related to the discrimination;

    b.    Lost benefits with interest;

    c.    Lost wages with interest;

    d.    Compensatory damages for economic losses due to the Defendant's conduct;

    e.    Compensatory damages for mental anguish, emotional distress, and the physical results thereof, due to the Defendant's conduct;

    f.    The statutory maximum of punitive damages pursuant to 49 U.S.C. § 20109(e)(3);

    g.    Special damages for all litigation costs including expert witness fees and attorney fees; and

    h.    All other relief necessary to make the Plaintiff whole.

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiff, Adam W. Jensen, by and through undersigned counsel, requests a Jury Trial on the issues presented herein.

Dated: April 9, 2026

Respectfully submitted,

*/s/ Christopher Knight*
Christopher S. Knight
Timothy J. Bryant

PRETI, FLAHERTY, BELIVEAU & PACHIOS
One City Center
P.O. Box 9546
Portland, ME, 04112-9546
(207) 791-3000
P. Mathew Darby *(pro hac vice forthcoming)*
Darby Law Group, LLC

*Counsel for Plaintiff*

9

25513510.2